UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| LOUIS "BOY" WINTERS, | ) | Civ. 13-5056-KES |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER DISMISSING CASE |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, Louis "Boy" Winters, an inmate at the Sandstone Federal Correctional Institution, moves to vacate, set aside, or correct his sentence. The motion is dismissed.

**PROCEDURAL HISTORY**

Winters pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. *See* CR 03-50063 and CR 03-50077 (United States District Court, District of South Dakota, Western Division). The district court, the Honorable Richard Battey, sentenced Winters to 51 months on the firearms count to run consecutively to the 262 months for the drug count. Winters directly appealed to the Eighth Circuit Court of Appeals. The Eighth Circuit affirmed his conviction. Winters filed a writ of certiorari with the United States Supreme Court, which was denied. Winters filed a motion to vacate, set aside, or correct his sentence (CV. 06-5091, United States District Court, District of

South Dakota, Western Division), which was also unsuccessful. Winters appealed the denial of his motion to vacate to the Eighth Circuit, but he ultimately withdrew the appeal.

## DISCUSSION

Winters concedes on page 2 of his motion that he has previously filed a motion under 28 U.S.C. § 2255, which was denied. *See* Docket 1. Section 2255 provides in relevant part:

> (h)   A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
> (1)   newly discovered evidence that, if proven, and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2)   a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Section 2244 provides in relevant part:

> **§ 2244 Finality of Determination**
>
> (a)   No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of the court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus, except as provided in section 2255.
>
> (b)(1)   A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2)   A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

(A)   the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(I)   the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii)   the facts underlying the claim, if proven, and viewed in light of the evidence as whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A)   Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B)   A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C)   The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D)   The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E)   The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be subject to a petition for rehearing or for a writ of certiorari.

*******

In this case, Winters has made no showing he has received permission

from the Eighth Circuit Court of Appeals to file a second or subsequent motion

3

as is required by 28 U.S.C. § 2244(b)(3)(A). As a result, this court is without jurisdiction to consider his request for relief. *Williams v. Hopkins*, 130 F.3d 333, 335-36 (8th Cir. 1997); *Garrett v. Groose*, 99 F.3d 283, 285-86 (8th Cir. 1996); *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005). Because this is a successive petition, it is dismissed.

## CONCLUSION and ORDER

For the reasons explained above, IT IS ORDERED:

(1)   Petitioner will not be allowed to proceed without prepayment of fees;

(2)   Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence (Docket 1) and all pending motions are DENIED;

(3)   The Clerk is directed not to accept for filing and to return to petitioner any further motions in this action.

Dated August 16, 2013.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE